IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NATALIE LUTZ CARDIELLO,<br><br>    Appellant,<br><br>    v.<br><br>PHILIP CASALE AND LORRAINE CASALE,<br><br>    Appellees. | Civil Action No. 05-1526 |

MEMORANDUM ORDER

The parties are familiar with the general background of this case and it need not be detailed here. We need only note that appellant, Natalie Cardiello, Trustee in bankruptcy case number 05-23166, has filed an appeal from two orders of the Bankruptcy Court: (1) an August 30, 2005 order granting appellees relief from the automatic stay under 11 U.S.C. §§ 362(d)(2)(A) and (d)(1); and (2) an October 12, 2005 order denying her motion to alter, amend, or vacate that order. Appellant argues that the Bankruptcy Court erred as a matter of law when it found that Debtor had no equity in the subject property, and, alternatively, that good cause to lift the stay existed. Appellant further argues that the Bankruptcy Court abused its discretion in refusing to alter, amend, or vacate the order granting relief from the stay.

The standard of review on appeal from a bankruptcy court order lifting the automatic stay of section 362 is abuse of discretion. This court exercises plenary review of the bankruptcy court's legal findings, but reviews its findings of fact under a clearly erroneous standard. <u>Universal Minerals, Inc. v. C.A. Hughes & Co.</u>, 669 F.2d 98 (3d Cir. 1981); <u>Mellon Bank, N.A. v. Metro Communications, Inc.</u>, 945 F.2d 635 (3d Cir. 1991). We have carefully considered each of appellant's contentions in light of these standards and find them without merit.

Accordingly, this 22nd day of May, 2006, IT IS HEREBY ORDERED that the orders of the Bankruptcy Court are affirmed. The Order of Bankruptcy Judge Markovitz, filed August 30, 2005, and the Order of Bankruptcy Judge Markovitz, filed October 12, 2005, are adopted as the opinion of the court.

BY THE COURT:

_____, J.

cc: The Honorable Judge Markovitz

All Counsel of Record